IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
    Plaintiff
vs.                                           CASE 8:19-cr-00544-T-30TGW

MARIO SERRANO
    Defendant
_____/

## SENTENCING MEMORANDUM

**COMES NOW**, Mario Serrano, by and through the undersigned counsel, and files this sentencing memorandum in support of a sentence less than the recommended guideline low end. Mr. Serrano respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a) which he requests be no more than 87 months.

## FACTORS SUPPORTING A VARIANCE

1. Mr. Serrano was originally detained on the high seas on November 6, 2019. At sentencing, he will have been incarcerated approximately 645 days. His current recommended guideline offense level is 31 with a recommended range of 108 – 135 months at criminal history I. Mr. Serrano was not on the Maita.

2. The individual characteristics of Mr. Serrano support a variance. *Pepper v. United States*, 131 S.Ct. 1229 (2011), extols consideration of post-sentencing rehabilitation when a defendant appears before the District Court for re-sentencing. The Supreme Court emphasized that post-sentencing rehabilitation was fundamental to the District Court's overarching duty under § 3553(a) to "'impose a sentence sufficient, but not greater than necessary to serve the purposes of sentencing." The Supreme Court declared among other things that the history and characteristics of the defendant *on the day of sentencing* (or re-sentencing in Pepper's case) are crucial.

3. As Mr. Serrano will stand before this Court at his August 2021 sentencing, he has suffered from Covid, to include a hospitalization at Northside last year. The virus hit the jail population hard. Mr. Serrano endured the great fright of being hospitalized in a foreign country during a pandemic. Harsh pretrial conditions can be considered by

the Court in determining the sentence. *Unites States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011).

4. Of course, he misses his wife, two adult children and six grandchildren, all of whom resided together in Venezuela. He has a sixth-grade education. He worked most of his life as a fisherman and some as a janitor. His wages have been only enough to exist in a chronic state of poverty. Serrano's upbringing was not easy. It was blighted with harsh economic conditions, limited education, and a father he did not know until he was 15years old.

5. Counsel adopts the cogent arguments of his fellow defense counsel Mrs. Palmieri in Document 453. Her sentencing memorandum pointed out the adverse impacts of incarceration on folks being deported (no half-way house option and no chance of seeing family); the cost of incarcerating foreign citizens; and the skewed guidelines for drug trafficking due to a lack of empirical data collection by the Sentencing Commission before setting the harsh sentences.

6. A sentence below the guideline low end appropriately recognizes Mr. Serrano's role in the offense, the nature of the charges, sentencing parity between codefendants, his genuine remorse, the toll of his foreign incarceration, the importance of his need to return to his family, the cost of his incarceration for a crime committed on the high seas, and his imminent deportation.

7. Mr. Serrano would like to be placed in a BOP institution where he can learn English, refrigeration, and electrical skills.

**WHEREFORE**, because a sentence of 87 months or less honors the factors of §3553(a) and is "sufficient, but not greater, than necessary", Mr. Serrano respectfully requests this Honorable Court sentence him below the low end of the guidelines.

Respectfully Submitted,

s/Michael P. Maddux
Michael P. Maddux, P.A.
Florida Bar No.: 964212
2102 West Cleveland Street
Attorney for Defendant, Whitfield
Tampa, Florida 33606
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 28, 2021**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire